OPINION
{¶ 1} Defendant Nicholas E. Lengen appeals a judgment of the Court of Common Pleas of Guernsey County, Ohio, which overruled his motion to suppress evidence gathered while executing a search warrant on appellant's residence. Appellant assigns a single error to the trial court:
 {¶ 2} "The trial court erred when it overruled Nicholas Lengen's motion to suppress."
 {¶ 3} In the affidavit supporting the application for the search warrant, Detective Sergeant Ron Pollock testified he received a telephone call from an unknown informant. Pollock's affidavit asserted he recognized the voice of the individual, and the individual had provided information regarding breaking and entering into cars on previous occasions. Based on this, Detective Pollock testified he believed the information would be reliable.
 {¶ 4} Thereafter, the detective reviewed electric usage records for appellant's residence. A special agent from the Bureau of Criminal Investigations, who was experienced in cases of indoor grow operations, also reviewed the electric bills. The detective's affidavit alleged the average monthly kilowatt usage for a single individual would be between 400 and 600 kilowatts, while appellant's residence exceeded 800 to 1000 kilowatts on a number of months. From this, the detective concluded there was an indoor grow operation in process at the residence.
 {¶ 5} Appellant points out the affidavit does not mention marijuana or any other illegal drug.
 {¶ 6} Likewise, the factual allegations regarding the "unknown informant" are sketchy. Although the affidavit alleges facts which arguably support the unknown informant's performance on a prior occasion, the detective never identifies what information the unknown informant provided in the case at bar. The detective gives no information regarding marijuana, appellant's residence, or appellant's electric bills.
 {¶ 7} The affidavit does not identify the address of the residence in question, but alleges that for certain periods of the year no one lives in the home. The affidavit alleges there are a number of months when the kilowatt usage exceeds the average usual amount, but it does not tie those months to the period of time when the residence should have been empty.
 {¶ 8} The purpose of securing a warrant is to safeguard an individual's Fourth Amendment right to privacy and security against arbitrary invasion by governmental officials, see Camara v. MunicipalCourt (1967), 387 U.S. 523. For this reason, a neutral and detached magistrate, rather than a police officer, must determine whether probable cause exists to issue a search warrant, Johnson v. United States (1948),333 U.S. 10. The neutral magistrate will review the totality of the circumstances in determining probable cause, Illinois v. Gates (1983),264 U.S. 213. The magistrate should make a practical common sense decision regarding probable cause, Id. Probable cause requires only the probability of criminal activity, not a prima facie showing, Id.
 {¶ 9} Conclusory statements of the investigation officer do not rise to the level of probable cause, United States v. Byers (1927),273 U.S. 28. Without adequate supporting facts, the affidavit fails to support the application for the search warrant, Beck v. Ohio (1964),379 U.S. 89. The officer must provide a nexus between the contraband to be seized and the location of the property to be searched, Zurcher v.Stanford Dailey (1978), 436 U.S. 547.
 {¶ 10} Our review of the affidavit in support of the application for a search warrant leads us to conclude it does not contain enough factual allegations to demonstrate there is probable cause to believe appellant's residence contained contraband.
 {¶ 11} We find the trial court should have suppressed the evidence seized pursuant to the defective search warrant.
 {¶ 12} The assignment of error is sustained.
 {¶ 13} For the foregoing reasons, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is vacated, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
Hoffman and Edwards, JJ., concur.
Criminal law — suppression — search warrants.